[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14639
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cr-00071-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY CURTIS BEDGOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 23, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Johnny Curtis Bedgood appeals his total 360-month sentence, imposed after

a jury convicted him of possession with intent to distribute cocaine and 28 or more

grams of cocaine base, also known as crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(C) and 18 U.S.C. § 2 (Count 1); possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 2 (Count 2); and possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (Count 3). On appeal, Bedgood argues that: (1) the district court improperly enhanced his mandatory minimum sentence based upon a judicial determination of the fact that he was older than 18 when he committed the instant crimes, and his prior convictions, in violation of Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013); and (2) he suffered ineffective assistance counsel at trial. After thorough review, we affirm.

We review constitutional sentencing issues de novo, and reverse only if an error is harmful. United States v. Candelario, 240 F.3d 1300, 1306-07 (11th Cir. 2001). A constitutional error "must be disregarded as not affect[ing] substantial rights, if the error is harmless beyond a reasonable doubt." Id. at 1307 (citation and quotations omitted). "This standard is only met where it is clear beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Id. (quotations omitted).

First, we are unpersuaded by Bedgood's claim that the district court erred by enhancing his mandatory minimum sentence based upon a judicial determination

2

of relevant facts.[1]  In <u>Almendarez-Torres v. United States</u>, the Supreme Court held that a prior conviction is not a fact that must be charged in the indictment or found by a jury beyond a reasonable doubt.  523 U.S. 224, 239-47 (1998).  The Supreme Court's subsequent decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), did not disturb the holding of <u>Almendarez-Torres</u>.  <u>United States v. Shelton</u>, 400 F.3d 1325, 1329 (11th Cir. 2005).

In <u>Alleyne</u>, the Supreme Court overturned <u>Harris v. United States</u>, 536 U.S. 545 (2002), and held that any factor that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury. <u>Alleyne</u>, 133 S.Ct. at 2155.  <u>Alleyne</u>, however, did not address prior-conviction sentencing enhancements.  <u>See generally</u> 133 S.Ct. 2151.  Instead, the Supreme Court explicitly said that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction."  <u>Id.</u> at 2160 n.1.  The Supreme Court also carefully noted that its ruling in <u>Alleyne</u> left undisturbed judicial discretion in fashioning sentences under the Guidelines.  <u>Id.</u> at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.  We have long recognized that broad sentencing discretion, informed by judicial

---

[1]  By citing to <u>Alleyne</u> by name and arguing that the facts at issue could not be found by the court at sentencing because they should have been presented to a jury, Bedgood properly preserved his constitutional objection at the sentencing hearing.  <u>See</u> <u>United States v. McKinley</u>, 732 F.3d 1291, 1295 (11th Cir. 2013) (holding that to preserve a claim of <u>Alleyne</u> error, a defendant must make a timely constitutional objection).

3

factfinding, does not violate the Sixth Amendment."). We have said that "Sentencing Guideline issues are not subject to the Apprendi rule and, thus, there is no requirement that sentencing facts be submitted to a jury and found beyond a reasonable doubt." United States v. Diaz, 248 F.3d 1065, 1105 (11th Cir. 2001).

Almendarez-Torres is still the law of this Circuit in the wake of Alleyne. See United States v. Harris, 741 F.3d 1245, 1249-50 (11th Cir. 2014) (concluding that judicial factfinding regarding defendant's prior convictions did not violate Sixth Amendment). Because the Supreme Court has yet to overrule Almendarez-Torres, we are bound to follow that case as binding precedent. See United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001).

The career offender provision of the Sentencing Guidelines provides that, among other requirements, "[a] defendant is a career offender if . . . the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction[.]" U.S.S.G. § 4B1.1(a). Classification as a career offender allows a district court to increase a defendant's base offense level and sets a mandatory criminal history category of VI. Id. § 4B1.1(b). In pertinent part, 18 U.S.C. § 924(e) provides a 15-year mandatory minimum sentence for any person who violates 18 U.S.C. § 922(g) and has three previous convictions for violent felony or serious drug offenses. Section 4B1.4 of the Sentencing Guidelines implements this statutory provision and provides for enhanced offense levels if its

4

requirements are met.  U.S.S.G. §§ 4B1.4 (a), (b), comment. (backg'd.).  Finally, defendants who violate 21 U.S.C. §§ 841(a) and 841(b)(1)(B) and have a single prior conviction for a felony drug offense face a mandatory minimum term of 10 years' imprisonment.  21 U.S.C. § 841(b)(1)(B).

Here, the district court did not err by making factual determinations regarding Bedgood's age or his prior convictions.  First, the fact that Bedgood was older than 18 when he committed the instant offense goes to the requirements of § 4B1.1(a) of the Sentencing Guidelines.  Sentencing Guidelines issues do not need to be submitted to the jury and such determinations fall within the judicial factfinding protected in Alleyne.  Diaz, 248 F.3d at 1105; Alleyne, 133 S.Ct. at 2163.  Second, the district court's judicial factfinding regarding Bedgood's prior convictions supporting the mandatory minimum sentence under 18 U.S.C. § 924(e) and 21 U.S.C. § 841 was proper under Almendarez-Torres.  See Almendarez-Torres, 523 U.S. at 239-47.

We also reject Bedgood's claim -- made for the first time on appeal -- that his Sixth Amendment right to effective assistance of counsel was violated in the proceedings before the district court.  We do not generally consider on direct appeal a claim of ineffective assistance of counsel that was not raised in the district court unless a factual record was developed.  United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010).  The Supreme Court has noted that "in most cases a

5

motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," even if the record contains some indication of deficiencies in counsel's performance.   Massaro v. United States, 538 U.S. 500, 504-05 (2003).  This is because the trial record on direct appeal is often incomplete for the purpose of litigating ineffective assistance claims.  Id.  Specifically, the evidence introduced at trial usually is devoted to guilt or innocence, not the facts required to undertake the ineffective-assistance analysis required under Strickland v. Washington, 466 U.S. 668 (1984).  Id. at 505.  The record would not include the reasons for counsel's actions, and the appellate court would have no way of knowing whether there was a sound strategic motive behind the action or whether counsel's alternatives were even worse.  Id.  Moreover, there would not be sufficient evidence to determine prejudice.  Id.

Here, the record is not sufficiently developed so that this Court could review Bedgood's claims of ineffective assistance of counsel on direct appeal.  The record does not include, for example, any information as to why counsel did not object to the presentence investigation report or why he did not make certain arguments at the sentencing hearing.  The record does not indicate, as Bedgood now claims, that the government offered him a plea bargain or what actions his trial counsel took with regard to the alleged offer.  Indeed, most of the evidence in the record (such as the transcript from his two-day trial) goes to Bedgood's guilt or innocence, and

6

the record does not contain information necessary to determine if either or both of the <u>Strickland</u> prongs were satisfied.    <u>See</u> <u>Massaro</u>, 538 U.S. at 504-05.    We therefore decline to address whether Bedgood's counsel was ineffective.

**AFFIRMED.**