[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11986
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00199-HLA-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WINSTON WILFRED JONES,
a.k.a. Michael W. Frazer,
a.k.a. Mark Michael Jones, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 26, 2015)

Before ROSENBAUM, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Winston Jones appeals his 36-month sentence of imprisonment, imposed after he pled guilty to being unlawfully present in the United States following removal, in violation of 8 U.S.C. § 1326(a).  He argues that the district court erred by increasing the statutory maximum sentence based upon a prior aggravated felony conviction that was neither charged in the indictment nor proven beyond a reasonable doubt.  Because Jones's challenged is foreclosed by precedent, we affirm.

We generally review constitutional sentencing issues *de novo*.  *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014).

An alien who enters or is found in the United States illegally after previously having been deported is subject to a maximum of two years' imprisonment.  8 U.S.C. § 1326(a).  If the defendant's removal occurred after a conviction for an aggravated felony, however, the statutory maximum increases to twenty years' imprisonment.  *Id*. § 1326(b)(2).

In *Almendarez-Torres v United States,* 523 U.S. 224, 118 S. Ct. 1219, (1998), the Supreme Court held that a prior conviction "relevant only to the sentencing of an offender found guilty of the charged crime" does not have to be charged in an indictment or proven beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence.  *Id.* at 228-47, 118 S. Ct. at 1223-33.  The Court concluded that subsection (b)(2) of § 1326 was intended by

2

Congress to be a such a "sentencing factor" and not an element of the offense that needed to be charged in the indictment or proven beyond a reasonable doubt. *Id*. at 235, 118 S. Ct. at 1226.

Two years later, the Supreme Court held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000) (quotation marks omitted) (concerning statutory maximum penalties). But the Court also carved out an exception for prior convictions covered by *Almendarez-Torres*, despite acknowledging that it was "arguable that *Almendarez-Torres* was incorrectly decided." *Id.* at 489-90, 120 S. Ct. at 2362-63 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Recently, the Supreme Court, consistent with *Apprendi*, held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. __, __, 133 S. Ct. 2151, 2155 (2013) (concerning mandatory minimum sentences). Nevertheless, the Court also noted specifically that it was not at that time revisiting *Almendarez-Torres*'s "narrow exception" for the fact of a prior conviction. *Id.* at __, 133 S. Ct. at 2160 n.1.

3

Turning to this Court's precedent, we have specifically stated that we are "bound by *Almendarez-Torres* until it is explicitly overruled by the Supreme Court." *United States v. Dowd*, 451 F.3d 1244, 1253 (11th Cir. 2006); *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001) ("[W]e are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision."). After *Alleyne* was decided, we recognized that there was "some tension between *Almendarez-Torres* on the one hand and *Alleyne* and *Apprendi* on the other," but we again concluded that "we are not free to do what the Supreme Court declined to do in *Alleyne*, which is overrule *Almendarez-Torres*." *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014).

Nevertheless, Jones argues that *Almendarez-Torres* has been "gravely wounded" by subsequent Supreme Court decisions and asserts that we need not follow that decision because the facts of his case are distinguishable. *See, e.g.*, *Jefferson Cnty. v. Acker*, 210 F.3d 1317, 1320 (11th Cir. 2001) ("But if the facts of a gravely wounded Supreme Court decision do not line up closely with the facts before us—if it cannot be said that decision 'directly controls' our case—then, we are free to apply the reasoning in later Supreme Court decisions to the case at hand."). The crucial factual difference, Jones contends, is that the defendant in *Almendarez-Torres* admitted the fact of his prior convictions at the plea hearing, whereas Jones did not. But this Court has held that "the Supreme Court's decision

4

in *Almendarez-Torres* forecloses his argument that the existence of his prior convictions needed to be admitted in his guilty plea or otherwise proven beyond a reasonable doubt." *United States v. Overstreet*, 713 F.3d 627, 635 (11th Cir.), *cert. denied*, 134 S. Ct. 229 (2013). Accordingly, *Almendarez-Torres* applies to the facts of Jones's case.

Because we are bound by *Almendarez-Torres* until it is "explicitly overruled" by the Supreme Court, the district court did not err in increasing Jones's statutory maximum based on a prior conviction not admitted in a guilty plea or charged in the indictment. *Overstreet*, 713 F.3d at 635; *Dowd*, 451 F.3d at 1253. Accordingly, we affirm Jones's sentence.

**AFFIRMED.**