[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12898
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20832-PCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BIVEN HUDSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 29, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Biven Hudson of being a convicted felon in possession of a firearm or ammunition. See 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that the sentencing enhancement in 18 U.S.C. § 924(e)(1) applied. Hudson appeals both his conviction and sentence.

He first argues that the evidence presented at trial was insufficient for a reasonable jury to find that he knowingly possessed a firearm or ammunition, one of three elements of an offense under § 922(g)(1). See United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008) (enumerating those elements as (1) knowing possession of a firearm or ammunition (2) that was "in or affecting interstate commerce" (3) by a person with a prior conviction for an offense punishable by more than one year in prison). We review de novo the evidence of Hudson's knowing possession, drawing all reasonable inferences and making all credibility determinations in favor of the jury's verdict. United States v. Godwin, 765 F.3d 1306, 1319 (11th Cir. 2014). He must show that no rational jury could have found that he knowingly possessed a firearm or ammunition. See United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). Hudson concedes that the police caught him after he had burglarized a house, that they found a pillowcase in his possession, that the pillowcase contained a firearm and ammunition, and that he had just stolen the firearm and ammunition from the burglarized house. Based on those facts, a rational jury could have found that Hudson knowingly possessed a

firearm and ammunition.  See United States v. Leonard, 138 F.3d 906, 909–10 (11th Cir. 1998) (describing the standard for proving possession).

Hudson also challenges his conviction and his sentence on constitutional grounds.  Both of his arguments are foreclosed by precedent.  First, he argues that 18 U.S.C. § 922(g) violates the Commerce Clause, U.S. Const. Art. I, § 8, cl. 3, both facially and as applied to him.  We have held that § 922(g) is facially valid. United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001).  And he concedes that the firearm and ammunition that he possessed both affected interstate commerce, which defeats his as-applied challenge.  See United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).  Second, he argues that applying the sentence enhancement of 18 U.S.C. § 924(e) to him violated his Fifth and Sixth Amendment rights because the enhancement was based on prior convictions that were neither charged in the indictment nor proved to the jury.  But those amendments do not require that prior convictions be included in an indictment or proved to a jury.  See United States v. Harris, 741 F.3d 1245, 1249–50 (11th Cir. 2014) (making clear that "prior convictions are excepted from the general rule that a jury must find any fact that will increase the penalty for an offense"). Acknowledging that precedent stands in his way, Hudson presses these two constitutional arguments merely to preserve them for further review by a court less

constrained by precedent than we are.  See United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

**AFFIRMED.**