[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13622
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00077-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO GONZALEZ-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 13, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Armando Gonzalez Martinez appeals his 33-month sentence for illegal re-entry into the United States after being removed, in violation of 8 U.S.C. § 1326(a). On appeal, he argues that his sentence exceeds the two-year statutory

maximum, because the government neglected to specifically charge in his indictment a violation of § 1326(b)(2), pursuant to which his sentence was enhanced based on a prior aggravated felony conviction.  He concedes that his argument has been "rejected" by the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but notes that he nevertheless is raising the issue to preserve it for future review in light of the Supreme Court's recent indications that it may reconsider Almendarez-Torres's holding.  After careful review, we affirm.

We review constitutional sentencing issues de novo.  United States v. Steed, 548 F.3d 961, 978 (11th Cir. 2008).  Under § 1326(a), a two-year maximum sentence applies for an alien who illegally re-enters the United States following removal.  8 U.S.C. § 1326(a).  Nevertheless, pursuant to § 1326(b)(2), if an alien's initial removal was subsequent to an aggravated felony conviction, the applicable maximum sentence is 20 years.  Id. § 1326(b)(2).

In Almendarez-Torres, the Supreme Court held that, in the context of § 1326(b)(2)'s penalty provision, a defendant's prior aggravated felony conviction is merely a sentencing factor that need not be charged in an indictment or proven to a jury beyond a reasonable doubt.  Almendarez-Torres, 523 U.S. at 226-27.  In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court subsequently expressed some doubt as to whether Almendarez-Torres was correctly decided, but

it expressly declined to revisit that earlier decision.  Apprendi, 530 U.S. at 489-90.  In excepting the Almendarez-Torres holding, the Apprendi Court ruled that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490.

Thereafter, the Supreme Court revisited the issues underlying Almendarez-Torres and Apprendi, this time dealing with facts that served to impose a statutory minimum sentence.  See Alleyne v. United States, 570 U.S. ___, ___, 133 S.Ct. 2151, 2155 (2013).  In Alleyne, the Court ruled more broadly that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  Id.  However, because the parties in Alleyne did not address Almendarez-Torres's validity, the Court expressly said that it did not revisit that decision.  Alleyne, 133 S.Ct. at 2160 n.1.  We recently recognized that while there is some tension between Alleyne and Apprendi on the one hand, and Almendarez-Torres on the other, "[n]othing in the facts or holding of Alleyne indicates that it eliminated Apprendi's exception for judicial findings of prior convictions that increase a criminal penalty."  United States v. Harris, 741 F.3d 1245, 1249-50 (11th Cir. 2014).  We further recognized that we were not free to overrule Almendarez-Torres, and that, until the Supreme Court overrules that decision, we are bound to follow it.  Id. at 1250.

Here, Almendarez-Torres forecloses the instant sentencing enhancement issue that Gonzalez-Martinez raises on appeal, as he himself concedes in his appellate brief while noting that he is raising the issue to preserve it for future review. Almendarez-Torres expressly held that a defendant's prior aggravated felony conviction is a sentencing factor that need not be charged in an indictment before it can be used to enhance his sentence under § 1326(b)(2)'s penalty provision. 523 U.S. at 226-27. Thus, Almendarez-Torres's holding precludes Gonzalez-Martinez's sole claim on appeal that his sentence was unlawful because the government had neglected to specifically charge § 1326(b)(2) in his indictment. As we've said, Almendarez-Torres is binding unless and until the Supreme Court overrules it. See Harris, 741 F.3d at 1249-50.

**AFFIRMED**.