**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wayne Jamar RICKS, Defendant–
Appellant.**

**No. 15–11187
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 23, 2016.

Eloisa Delgado Fernandez, Wifredo A. Ferrer, Tonya R. Long, Assistant U.S. Attorney, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Michael Caruso, Federal Public Defender, Joaquin E. Padilla, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Wayne Ricks of carjacking, in violation of 18 U.S.C. § 2119(1), and conspiracy to commit carjacking, in violation of 18 U.S.C. § 371. The District Court sentenced Ricks to consecutive prison terms, 180 months on the carjacking charge and 60 months for the conspiracy charge.

Ricks appeals his convictions and sentences. He seeks a judgment of acquittal on both charges, arguing that the Government failed to introduce evidence sufficient to prove the mens rea element of the carjacking and conspiracy offenses. Alternatively, he seeks a new trial on the ground that the District Court abused its discretion in admitting evidence under Fed.R.Evid. 404(b) of a prior robbery conviction, because the circumstances underlying that conviction were so dissimilar to those underlying the charged offenses that the robbery conviction should not have been introduced to prove identity or *modus operandi*.

Ricks challenges his sentences on two grounds. The first is that in determining his offense level under the Guidelines, the District Court incorrectly applied a four-level serious-bodily-injury enhancement. The injury on which it was based was a sexual assault committed by his co-conspirator, which Ricks could not have reasonably foreseen and which he did not aid or abet. The second ground is that the court violated his Sixth Amendment rights by

using acquitted conduct to impose a sentencing enhancement for use of a firearm. We affirm.

## I.

██ The crimes occurred late in the evening of March 18, 2014. The evidence showed that Ricks and his co-conspirator (who remains at large), their faces covered, encountered a man and two women, sisters, in a park located in the man's residential neighborhood. The man had parked his car, a Chevy Cruze, because one of the women had become ill at her stomach, and the back seat had to be wiped clean. Both Ricks and his co-conspirator were armed. The ordered the man and the two women to the ground, demanded money. The co-conspirator forced one of the women perform oral sex. After that, the Ricks and his co-conspirator drove away in the Chevy Cruze, with Ricks behind the wheel.

The man made a 911 call a few minutes later, the police arrived on the scene, and a high speed chase ensued. The Chevy Cruz crashed into two power polls, and Ricks and his co-conspirator fled on foot. Officers, assisted by K–9s, found Ricks in a dumpster and arrested him. He spontaneously said, "Yeah, you all caught me. Yeah, I was in the car. Check 007. Yeah, I been through this shit."

We generally review *de novo* whether the evidence was sufficient to sustain a criminal conviction, taking the evidence in the light most favorable to the prosecution and drawing all reasonable factual inferences in favor of the jury's verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284

(11th Cir.2009). It is not enough for the defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found the defendant guilty beyond a reasonable doubt. *Id.* at 1285.

To establish carjacking under 18 U.S.C. § 2119, the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation. *United States v. Diaz*, 248 F.3d 1065, 1096 (11th Cir.2001). The intent element requires the government to prove that the defendant "would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway v. United States*, 526 U.S. 1, 12, 119 S.Ct. 966, 972, 143 L.Ed.2d 1 (1999). In order to convict for conspiracy, the government must prove the same degree of intent that is required for conviction of the substantive offense. *United States v. Simmons*, 725 F.2d 641, 642–43 (11th Cir.1984).

In moving the District Court for a judgment of acquittal, Ricks failed to articulate the specific sufficiency-of-the-evidence argument he raises here. We therefore review the sufficiency of the evidence for plain error.[1] *See United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir.1999) (arguments not raised before the district court are reviewed only for plain error.) We find no plain error here. A reasonable

---

1. Under plain-error review, a defendant must show (1) error (2) that is plain and (3) that affected his substantial rights. *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). For an error to be plain, it must be obvious and clear under current law. *Id.*

Even if the defendant meets these three conditions, we may exercise our discretion to reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

jury could have concluded that taking the car was an important part of the robbery scheme, rather than an afterthought, and that Ricks would have attempted to seriously harm or kill the victims if necessary to complete the taking of the car, especially in light of the victim's testimony that Ricks said, "I'll kill you" and "I'll leave you here" while pointing a gun at the victims.

## II.

We review a district court's rulings on admission of evidence for abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir.2000). Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed.R.Evid. 404(b)(1). Nevertheless, such evidence "may be admissible for another purpose," such as proving a defendant's motive, intent, knowledge, or absence of mistake. *Id.* 404(b)(2). To be admissible under Rule 404(b), extrinsic evidence must: (1) be relevant to an issue other than the defendant's character; (2) be sufficiently proven to allow a jury to find that the defendant committed the extrinsic act; and (3) possess probative value that is not substantially outweighed by its undue prejudice under Fed.R.Evid. 403. *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir.2012).

Even if evidence is admitted or excluded improperly, we will not vacate if the evidentiary error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Fortenberry*, 971 F.2d 717, 722 (11th Cir.1992). We determine whether an error had substantial influence on the outcome by weighing the record as a whole and examining "the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of

[the] defendant's guilt." *United States v. Reed*, 700 F.2d 638, 646 (11th Cir.1983) (quotation omitted).

When evidence of a prior crime is introduced to show identity or *modus operandi*, we require a great deal of similarity between the charged crime and the uncharged crime. *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir.1977). The two crimes must bear such peculiar, unique, or bizarre similarities as to mark them as the handiwork of the same individual. *Id.* at 1045–46.

■ Here, the evidence of Ricks's 2007 robbery should not have been admitted under Rule 404(b), because that crime does not bear sufficient similarities to the charged crime. The alleged similarities— that the two crimes involved the use of guns, physical force, and masks, coupled with the co-conspirators fleeing police in a car and then on foot—are common in robberies and do not mark the offenses charged here as the handiwork of the same individual. However, we do not vacate Ricks's convictions, because the improper admission of the Rule 404(b) evidence did not affect his substantial rights.

■ The Government presented overwhelming evidence of Ricks's guilt. Two victims testified to substantially identical facts that two men had used firearms to hold them on the ground, rob them, and take their car and that the "shorter man" drove the car away from the park. Ricks was arrested at the scene of the car's crash, and a police witness identified him as the driver of the stolen car. Furthermore, Ricks's DNA matched samples taken from the driver's side airbag, and his cell phone was found in the car. The car's owner testified that he did not know Ricks and would not have allowed him in his car. The Government presented extensive evidence showing that Ricks was the "shorter man" who had, with the taller man and with intent to cause death or serious bodily

harm, taken the car in the presence of the victims by force and violence or intimidation. The Government thus established each of the elements of the carjacking and the conspiracy offenses without the improperly admitted Rule 404(b) evidence. In the face of the overwhelming evidence of guilt, the District Court's abuse of discretion in admitting the Rule 404(b) evidence was harmless.

### III.

We review a district court's interpretation and application of the Sentencing Guidelines *de novo*, but accept the district court's factual findings unless they are clearly erroneous. *United States v. Ford*, 784 F.3d 1386, 1396 (11th Cir.2015). For a factual finding to be clearly erroneous, we must have a definite and firm conviction that a mistake has been made. *Id.*

A four-level serious-bodily-injury enhancement applies when, in the course of a robbery, a victim suffers serious bodily injury. U.S.S.G. § 2B3.1(b)(3)(B). A defendant is held responsible in sentencing for "all acts and omissions committed, *aided, abetted,* counseled, commanded, induced, procured, or willfully caused by the defendant." *Id.* § 1B1.3(a)(1)(A) (emphasis added).

The District Court did not err in applying the serious-bodily-injury enhancement based on the sexual assault committed by Ricks's co-conspirator. The court found that Ricks was not an "innocent bystander," because by holding the other victims on the ground at gunpoint he acted as an "enforcer" that allowed the sexual assault to occur. Ricks points to no case requiring a sentencing court to find that a defendant wants an act to succeed in order to find that he has aided and abetted that act. Even if Ricks did not want to commit the sexual assault, the court did not clearly err in finding that he aided and abetted the sexual assault by holding the other victims on the ground at gunpoint and ensuring the assault's completion by his co-conspirator. Because the court made adequate factual findings to support the enhancement and applied the correct legal standard, we affirm the serious-bodily-injury enhancement.

### IV.

We review constitutional sentencing issues *de novo*. *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir.2014). Relevant conduct of which a defendant was acquitted may be taken into account in sentencing, so long as the government proves the acquitted conduct by a preponderance of the evidence. *United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir.2006). Here, as Ricks concedes, the court did not err in relying on acquitted conduct when it applied the firearm enhancement and thus did not violate his Sixth Amendment rights. *See Faust*, 456 F.3d at 1347.

AFFIRMED.