[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11784
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00082-VEH-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD LEE REEVES,
a.k.a. Donald Reaves,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 11, 2016)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Donald Lee Reaves appeals his conviction and sentence after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He raises two issues on appeal: whether the district court (1) erred in denying his motion to suppress evidence because the search warrant was not supported by probable cause and (2) violated his constitutional rights by enhancing his sentence based on prior convictions that had not been alleged in the indictment or found beyond a reasonable doubt by a jury.  Upon review of the record and consideration of the parties' briefs, we affirm.

I.

In June 2013, Officer Nakia Garrett went to 1480 Old Shocco Road, Apartment 9 in Talladega, Alabama to serve an arrest warrant on Kimberly Kelly. Garrett had visited the apartment six months earlier to investigate a stolen vehicle and remembered Kelly being present at that apartment, although she had told him that the apartment belonged to Reaves.

After Garrett knocked on the door and identified himself as a police officer, Reaves allowed Garrett to enter the apartment.  Reaves told Garrett that he did not know Kelly.  Garrett asked for Reaves's identification to know with whom he was speaking.  When he ran Reaves's license through dispatch, Garrett learned that

2

Reaves had an outstanding warrant for failure to pay child support.  Garrett then placed Reaves under arrest and handcuffed him.

While waiting for transport officers to arrive, Garrett asked Reaves if he needed anything from the apartment before being taken to jail.  Reaves told Garrett that he needed his wallet and tried to reach under a table to retrieve it.  Garrett stopped Reaves and reached for the wallet himself.  Garret then saw a pistol sitting next to the wallet.  Garrett unloaded the pistol and placed it and the bullets on a table.  As they were leaving the apartment, Garrett locked the front door at Reaves's request.  After he locked the door, Garrett received a phone call from another officer informing him that Reaves was a convicted felon.  Because Garrett had already locked the door by the time he learned of Reaves's criminal history, the officers decided to obtain a warrant before reentering the apartment.

After speaking to Garrett, a federal agent, Luke Iverson, prepared an affidavit and applied for a federal warrant to search Reaves's apartment.  Iverson identified the evidence for which the officers would search as including "[f]irearms [and] ammunition," as well as "[r]ecords that establish the persons who have control . . . over the property."

After Iverson obtained a search warrant from a magistrate judge, he went to the apartment building and spoke to Reaves, who was sitting in the back of a patrol car.  Reaves denied living in the apartment.  Upon entering the apartment, Iverson

saw the pistol and bullets, which he collected as evidence. Continuing to search the apartment, he found a shotgun in a bedroom, as well as mail and other documents that linked Reaves to the apartment.

Reaves was indicted for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), and knowingly possessing a shotgun with a barrel length of less than 18 inches, which was not registered to him, in violation of 26 U.S.C. §§ 5845(a) and 5861(d) (Count Two). Reaves moved to suppress the evidence seized from the apartment. After an evidentiary hearing, the magistrate judge recommended that the motion be denied because the search warrant was supported by probable cause. Reaves objected to the magistrate judge's recommendation. In relevant part, the district court overruled Reaves's objection, concluding that the scope of the warrant was proper and based on probable cause.

At trial, the parties stipulated that, prior to the current crime, Reaves had been convicted of felony offenses. The jury convicted Reaves of the felon in possession of a firearm charge but not the knowingly possessing a shotgun with a barrel length of less than 18 inches charge.

In the presentence investigation report, the probation officer calculated a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), and a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6)(B). Because the probation officer determined that Reaves was an armed career criminal under U.S.S.G.

4

§ 4B1.4, Reaves's base offense level became 33.  Reaves received a criminal history category of VI.  Based on his base offense level of 33 and criminal history category of VI, Reaves received an advisory sentencing guidelines range of 235 to 298 months' imprisonment.  Pursuant to 18 U.S.C. § 924(e)(1), the minimum sentence authorized was 15 years, with a maximum of life.

At sentencing, Reaves objected to the application of the armed career criminal enhancement, arguing that enhancement required the government to prove to a jury beyond a reasonable doubt that he had been convicted of previous felonies.  The district court rejected this argument, explaining that our precedent precluded it.  *See United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014).  After applying the armed career criminal enhancement, but also a downward variance, the district court sentenced Reaves to 192 months' imprisonment.  Reaves now appeals the denial of his motion to suppress and his sentence.

## II.

## A.

Reaves argues that the district court erred by denying his motion to suppress the evidence found in the apartment save the pistol and its ammunition because the warrant was not supported by probable cause.  We disagree.  The district court properly denied the motion to suppress.

5

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and the application of the law to those facts *de novo*. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). When we consider a ruling on a motion to suppress, "all facts are construed in the light most favorable to the prevailing party below," here, the government. *Id*.

"Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). To be sufficient, "[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause." *Gates*, 462 U.S. at 239. The affidavit "should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). The magistrate's probable-cause determination is ultimately a "practical, common-sense decision." *Gates*, 462 U.S. at 238. That determination "should be paid great deference by reviewing courts." *Id.* at 236 (internal quotation marks omitted).

Here, the district court correctly concluded that the search warrant affidavit established probable cause that firearms, ammunition, and identifying records would be found in Reaves's apartment. In the affidavit supporting the request for a search warrant, Iverson explained that Garrett personally observed Reaves in the residence and saw the pistol and its ammunition when, at Reaves's request, he reached to find Reaves's wallet. The attachment to the warrant makes clear that personal records that establish control over the apartment would connect Reaves to the pistol and ammunition found by Garrett and any other evidence collected during the search. As a result, Garrett knew that Reaves's apartment contained at least one firearm. In addition, Iverson explained in the affidavit that he had verified that Reaves had felony convictions. The affidavit, reflecting an officer's personal observation of the pistol combined with the evidence of Reaves's prior felony convictions, provided the magistrate judge with enough evidence to make the common-sense determination that a fair probability existed that firearms, ammunition, and records related to the ownership and control of the property would be found inside Reaves's residence. *See id.* at 238.

Reaves argues that the officers executing the warrant should have stopped searching once they found the pistol and the ammunition. But he provides no legal support for the proposition that, when there is probable cause that a location contains contraband, law enforcement officers may search only for the contraband

7

that an officer previously observed to be present or must stop searching once they find some contraband, even if the officers have not located all the items identified in the warrant. On the contrary, searches conducted pursuant to a warrant "may be extensive as reasonably necessary as required to locate the items described in the warrant," which in this case included firearms, ammunition, and identifying records. *United States v. Jackson*, 120 F.3d 1226, 1228 (11th Cir. 1997). Therefore, the district court properly denied the suppression of the evidence found pursuant to this warrant, which was supported by probable cause.

### B.

Reaves also argues that the district court violated his constitutional rights when it applied the armed career criminal enhancement pursuant to 18 U.S.C. § 924(e). Reaves asserts a constitutional violation because the district court applied the enhancement without having a jury find, beyond a reasonable doubt, that Reaves had committed the prior felonies used to enhance the sentence. We review this constitutional sentencing issue *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). As Reaves acknowledges, his challenge is foreclosed by our precedent. *See Harris*, 741 F.3d at 1250 (holding that district court did not err in applying an enhancement based on prior convictions "without any jury findings about the existence of [the] prior convictions"). "Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it

is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks omitted).  Accordingly, we conclude that the district court correctly used Reaves's prior convictions to designate him an armed career criminal.

### III.

For the foregoing reasons, the district court did not err in denying Reaves's motion to suppress and did not violate Reaves's constitutional rights at sentencing. Accordingly, we affirm Reaves's conviction and sentence.

**AFFIRMED.**