[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14386
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20318-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOVAL A. REECE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 27, 2016)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Christoval Reece appeals his 46-month sentence imposed after pleading guilty to one count of illegal reentry after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Defendant asserts that his sentence was unconstitutionally enhanced based on a prior conviction for drug trafficking that was not charged in the indictment or found by the jury.  Because Defendant's argument is foreclosed by binding precedent, we affirm.

## I.  BACKGROUND

In 2007, Defendant was convicted in Massachusetts state court of five counts of "possession to distribute" a Class B substance, and sentenced to 2 years of home confinement and 222 days of jail.  The investigation into those charges revealed that Defendant had been deported in 1996, and as a result, he was later charged and convicted of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326.  He was subsequently removed to Jamaica in 2013.

Then, in 2015, the U.S. Coast Guard stopped a suspect vessel heading toward Miami, Florida, which had 13 people on board, including Defendant.  Officials with the U.S. Border Patrol determined that Defendant had been previously removed, and did not have permission to reenter the United States.  Defendant was later charged and pleaded guilty to the present offense of illegal

reentry after deportation subsequent to a conviction for an aggravated felony, in violation of § 1326(a), (b)(2).

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"). The PSR assigned Defendant a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). Defendant received a 12-level enhancement under § 2L1.2(b)(1)(B) because he had been previously deported and had a conviction for a drug trafficking offense for which the sentence imposed was 13 months or less. After a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b), Defendant's total offense level was 17. Based on a total offense level of 17 and a criminal history category of V, the PSR calculated a guideline range of 46 to 57 months' imprisonment. The PSR stated that the statutory maximum for his offense was 20 years' imprisonment.

Of relevance, Defendant objected to the constitutionality of an enhancement based on the finding that his qualifying prior conviction was an aggravated felony because it was not alleged in the indictment or proved to the jury beyond a reasonable doubt. At sentencing, Defendant conceded that his objection was foreclosed by binding precedent and, consequently, the district court sentenced him to 46 months' imprisonment.

## II.  DISCUSSION

We review issues related to the constitutionality of a sentence *de novo*. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).

A conviction for illegal reentry into the United States under § 1326(a) carries a two-year maximum sentence.  8 U.S.C. § 1326(a).  However, if an alien's initial removal was subsequent to an aggravated-felony conviction, the applicable maximum sentence is 20 years' imprisonment.  *Id.* § 1326(b)(2).

In *Almendarez-Torres v. United States*, the Supreme Court held that, in the context of § 1326(b)(2)'s penalty provision, a defendant's prior aggravated-felony conviction is merely a sentencing factor that need not be charged in an indictment or proven to a jury beyond a reasonable doubt.  523 U.S. 224, 226–27 (1998). Later, in *Apprendi v. New Jersey*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 489–90 (2000).

More recently, the Supreme Court held in *Alleyne v. United States* that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  133 S. Ct. 2151, 2155 (2013).  In doing so, the Supreme Court specifically stated that it was not revisiting the holding of *Almendarez-Torres*.  *Id.* at 2160 n.1.

While we have recognized that there is some discord between *Alleyne* and *Apprendi* on the one hand and *Almendarez-Torres* on the other, we have stated that "[n]othing in the facts or holding of *Alleyne* indicates that it eliminated *Apprendi*'s exception for judicial findings of prior convictions that increase a criminal penalty." *United States v. Harris*, 741 F.3d 1245, 1249–50 (11th Cir. 2014). And we have explicitly stated that *Almendarez-Torres* remains binding precedent unless and until the Supreme Court overrules it. *Id.* at 1250.

Though conceding that his argument is foreclosed by binding precedent, Defendant asserts that the district court's finding that his qualifying prior conviction was an aggravated felony enhanced his statutory maximum sentence, but was not alleged in the indictment or found by a jury as required by the Fifth and Sixth Amendments. Defendant's sole argument on appeal is foreclosed by *Almendarez-Torres*. *See Almendarez-Torres*, 523 U.S. at 226–27. As noted, we are bound by the holding of *Almendarez-Torres* unless and until it is overruled by the Supreme Court. *See Harris*, 741 F.3d at 1250. Accordingly, Defendant's sentence is **AFFIRMED**.

5