[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12260
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00648-MHH-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAYWOOD NORMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 3, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Haywood Norman appeals his sentence of 180 months of imprisonment for

three counts of possessing with intent to distribute a controlled substance, 21

U.S.C. § 841(b)(1)(B), (D); one count of possessing a firearm in relation to drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i); and one count of being a felon in possession of a firearm, *id.* § 922(g)(1). Norman argues that the district court violated his rights under the Sixth Amendment when it enhanced his sentence based on a prior drug conviction that was not charged in his indictment or proved to a jury. Norman also challenges as substantively unreasonable his sentence to the mandatory minimum penalties for his crimes. We affirm.

Norman acknowledges that his challenge to the constitutionality of the increase in his sentence for his possession of drugs and a firearm as a felon is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Supreme Court held that a prior conviction "relevant only to the sentencing of an offender found guilty of the charged crime" is not a fact that must be charged in the indictment or found by a jury beyond a reasonable doubt, even if it increases the defendant's maximum statutory sentence. *Id.* at 228–47. "[W]e are bound to follow *Almendarez–Torres* unless and until the Supreme Court itself overrules that decision," *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014) (internal quotation marks and citation omitted), which it has refused to do, *Alleyne v. United States*, 133 S. Ct. 2151, 1260 n.1 (2013).

The district court did not abuse its discretion when it sentenced Norman to a term of 120 months for his possession of drugs and of a firearm as a felon to run

consecutively to a term of 60 months for possessing a firearm in relation to his drug trafficking. When arrested on outstanding warrants for trafficking in cocaine and possessing marijuana, Norman had in his residence 575.2 grams of cocaine powder; 1,125 grams of marijuana; seven firearms, six of which were loaded and two of which were stolen; an assortment of ammunition; 2 sets of digital scales; and 3 cellular telephones. Norman also admitted responsibility for 169.5 grams of cocaine base. Because of Norman's prior drug conviction, his statutory mandatory minimum penalty of 120 months of imprisonment became his sentence under the advisory guidelines, *see* 21 U.S.C. § 851; United States Sentencing Guidelines Manual § 5G1.2(b) (Nov. 2015), and he faced a mandatory consecutive sentence of five years for possessing a firearm in relation to his drug trafficking, *see id.* § 2K2.4(b).

The district court lacked authority to sentence Norman below the statutory mandatory minimum because the government did not move for a downward departure based on his substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and he was not eligible for safety valve relief, *see* 18 U.S.C. § 3553(f). *See United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008). The district court mentioned each of the statutory sentencing factors in determining an appropriate sentence, *see id.* § 3553(a), and decided to impose the mandatory minimum sentence although Norman had a prior conviction for robbery and

several arrests for possessing drugs. Norman's sentence, which is well below the statutory maximum penalty of life, is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Norman's sentence.