[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15215
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00381-ELR-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY RHODES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 28, 2018)

Before WILSON, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Barry Rhodes appeals his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), after being convicted of being a felon in possession of a firearm.  He contends the sentence violated due process because the indictment did not specify his prior felony convictions.  After careful review, we affirm.

I.

On November 1, 2016, Rhodes was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The indictment alleged Rhodes had previously "been convicted of at least one of" four listed state offenses.  The crimes were: (1) & (2) two 2012 convictions for violating the Georgia Controlled Substances Act; (3) a 2012 conviction for burglary of a dwelling; and (4) a 2010 conviction for violating the Georgia Controlled Substances Act and possessing a firearm during a felony offense.

On February 14, 2017, Rhodes pled guilty pursuant to a written plea agreement.  The agreement stated the conviction carried no mandatory minimum sentence and a maximum sentence of 10 years in prison.  At the plea hearing, the government reiterated to Rhodes that he faced a maximum penalty of ten years in prison.

After the guilty plea, the Probation Office completed a pre-sentence investigation report ("PSR").  The PSR indicated that Rhodes qualified for an

ACCA sentence.  ACCA requires a defendant who has three or more previous convictions "for a violent felony or a serious drug offense" to serve a mandatory minimum sentence of fifteen years in prison.  18 U.S.C. § 924(e)(1).

Rhodes objected that he had no notice the government would seek a sentence of at least fifteen years and that the PSR altered the minimum and maximum sentence provisions the parties agreed to in his plea agreement.  For this reason, the district court convened a second plea hearing and allowed Rhodes to withdraw his guilty plea.

After withdrawing his plea, Rhodes then entered a second guilty plea, but without a written agreement.  The government advised Rhodes that he now faced a mandatory minimum sentence of fifteen years in prison.  The government also explained to the district court that it did not initially believe that Rhodes's conviction for burglary would qualify as an ACCA predicate offense.  However, after he first entered a guilty plea, this Court held that the crime for which he'd been convicted did qualify as a crime of violence.  Rhodes acknowledged that he faced a possible ACCA sentence and entered a guilty plea.

At sentencing, the district court found that Rhodes qualified for an ACCA sentence and sentenced him to fifteen years in prison.  Rhodes appealed.

3

II.

We review de novo constitutional challenges to a sentence.  United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006).

Rhodes argues his sentence violates the Due Process Clause of the Fifth Amendment because the allegations in the indictment only provided a basis for a sentence of up to ten years.  As a result, he argues the indictment failed to allege an essential element necessary for an ACCA sentence and failed to put him on notice that the government would seek a sentence of at least fifteen years.

In Almendarez-Torres v United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court held that a defendant's prior convictions do not need to be alleged in the indictment, even if they increase the possible sentence.  Id. at 239, 247–48, 118 S. Ct. at 1228–29, 1233.  Rhodes argues this standard should not apply because his conviction required the government to allege and prove that he had previously been convicted of a felony.  Under this court's precedent, Rhodes's argument fails.  For one, we have routinely rejected similar claims and affirmed ACCA sentences for convictions under 18 U.S.C. § 922(g).  See, e.g., United States v. Thomas, 242 F.3d 1028, 1034–35 (11th Cir. 2001) (dismissing claim that government failed to allege ACCA predicate offenses in indictment charging violation of § 922(g)).  Further, to convict under § 922(g), the government need

only allege that the defendant was previously convicted of one felony.[1] See 18 U.S.C. § 922(g)(1). But this is a separate question from what is required for a prior conviction to qualify as one of the three predicate offenses required to support an ACCA sentence. Compare id. (prior felony for § 922(g) purposes can be any crime "punishable by imprisonment for a term exceeding one year") with 18 U.S.C. § 924(e)(2)(B) (ACCA predicate offense must be punishable by more than one year in prison and must meet qualifications under ACCA's elements or enumerated offenses clause). When Rhodes argues his previous conviction was both an element of the offense and a requirement for the ACCA sentence, he is conflating the separate requirements under two different statutes. In short, this case cannot be distinguished from Almendarez-Torres. See Thomas, 242 F.3d at 1034–35.

Rhodes nonetheless urges us to disregard Almendarez-Torres because later cases—particularly Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) and Alleyne v. United States, 570 U.S. 99, 133 S. Ct. 2151 (2013)—have cast doubt on its holding. But we have previously reaffirmed that Almendarez-Torres remains binding unless and until it is set aside by the Supreme Court. See United States v. Harris, 741 F.3d 1245, 1250 (11th Cir. 2014) (recognizing "some tension between Almendarez–Torres on the one hand and Alleyne and Apprendi on the

---

[1] Rhodes makes no allegation that the government failed to meet this requirement for charging him under § 922(g).

other," but holding that this Court is "not free to do what the Supreme Court declined to do in <u>Alleyne</u>, which is overrule <u>Almendarez-Torres</u>").

Rhodes next argues the sentencing process was fundamentally unfair because he had no notice in the indictment that he could face a sentence beyond ten years. But Rhodes did have notice of the possible ACCA sentence. He was first put on notice when his PSR indicated that he faced a mandatory minimum sentence of fifteen years, and he objected to it on that exact ground. In light of his objection, Rhodes was allowed to withdraw the guilty plea that had been premised on the idea that he faced a maximum of ten years in prison. After that, and after specifically acknowledging in court that he understood that he faced a fifteen year sentence, Rhodes pled guilty again. The district court found he made that decision freely and voluntarily. Given his clear acknowledgement of the sentence he faced, and the objections he had earlier lodged on that exact issue, Rhodes had sufficient notice. This means he has failed to show any fundamental unfairness in the sentencing.

**AFFIRMED.**

6