[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15337
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20604-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED WAYNE LEE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 25, 2019)

Before WILLIAM PRYOR, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Alfred Lee, Jr. appeals his sentence of 180 months of imprisonment for possessing a firearm as a convicted felon. 18 U.S.C. § 922(g)(1). Lee argues that section 922(g) is unconstitutional because intrastate gun possession by a convicted felon does not have a substantial effect on interstate commerce, and he argues that the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on facts about prior convictions not alleged in his indictment and that were not proved to a jury violated his rights under the Fifth and Sixth Amendments. We affirm.

We ordinarily review *de novo* the constitutionality of a statute and a sentence, but because Lee raises his arguments for the first time on appeal, we review for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (section 922(g)); *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014).(sentence enhancement). To establish plain error, Lee must prove that error occurred that was plain and that affected his substantial rights. *See Wright*, 607 F.3d at 715.

No error, much less plain error, occurred in sentencing Lee because, as he concedes, his arguments are foreclosed by our precedents. We have held that "the jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack," *United States v. Scott*, 263 F.3d 1270, 1273 (11th

Cir. 2001), and that section 922(g)(1) is constitutional as applied to a defendant who possesses a firearm that "traveled in interstate commerce," *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). *See Wright*, 607 F.3d at 715–16. And in *Almendarez–Torres v. United States*, 523 U.S. 224,  228–47 (1998), the Supreme Court held that a prior conviction "relevant only to the sentencing of an offender found guilty of the charged crime" does not have to be charged in an indictment or proven beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence. *Almendarez-Torres* remains the law until overruled by the Supreme Court, and it expressly refused to do so in *Alleyne v. United States*, 570 U.S. 99 (2013). *Harris*, 741 F.3d at 1249.

We **AFFIRM** Lee's sentence.

3