[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12002
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00117-SPC-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ECKFORD KENNEDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 2, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

James Eckford Kennedy appeals his 60-month sentence, imposed above the Sentencing Guidelines range, after pleading guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On appeal, Kennedy argues that the district court erred in denying his motion to disclose the probation officer's confidential sentencing recommendation. Kennedy also argues that his sentence was procedurally and substantively unreasonable. After careful consideration, we affirm.

## I. BACKGROUND

Kennedy pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), after he sold $350 worth of crack cocaine to a confidential informant. Prior to sentencing, a probation officer prepared a presentence investigation report ("PSI"). The PSI assigned Kennedy a criminal history category of VI based on Kennedy's extensive criminal history, which included convictions for robbery, possession of cocaine with intent to sell, trafficking cocaine, and other lesser convictions. Kennedy's criminal record also revealed that he had violated probation on numerous occasions. Based on Kennedy's criminal history category of VI and his adjusted total offense level of

2

ten, the probation officer calculated a Sentencing Guidelines range of 24 to 30 months' imprisonment.  The statutory maximum was 20 years.

Prior to sentencing, Kennedy filed a motion for disclosure of the probation officer's confidential sentencing recommendation, which the district court denied. He also filed a sentencing memorandum that argued for a downward variance or, in the alternative, a downward departure from the guidelines range.

At his sentencing hearing, Kennedy acknowledged that his guidelines range had been correctly calculated, but continued to request a downward departure or variance from that range, arguing that a criminal history category of VI overrepresented his criminal background.  He presented the testimony of two witnesses in support of his request.  The government argued in response that an upward variance or departure was appropriate given Kennedy's numerous convictions and probation violations.

The district court proceeded to sentence Kennedy.  In doing so, it "consider[ed] all of [the] things before it, [including] the presentence report, the memorandums that counsel . . . filed, the testimony of the witnesses, any evidence [that had] been presented to the Court, and the arguments of counsel."  Sentencing Hr'g Tr. at 59 (Doc. 60).[1]  The court also observed that several of Kennedy's convictions had not contributed points to the calculation of his criminal history

---

[1] "Doc." refers to the docket entry in the district court record in this case.

category.  The district court then denied Kennedy's request for a downward

departure because it "believe[d] that the probation officer . . . correctly scored

[Kennedy's] prior criminal history . . . based upon how it should be scored."  *Id.* at

60-61.

After considering the 18 U.S.C. § 3553(a) factors,[2] the court also denied

Kennedy's request for a downward variance and elected instead to impose an

upward variance from the guidelines range.  *Id.* at 61.  The court noted that

Kennedy had exhibited "a history of over 20 years of committing criminal

offenses, not only misdemeanors but certainly felonies" and a "history of

violations of probation."  *Id.* at 61-62.  This conduct, the court reasoned,

demonstrated "a history of committing offenses and a history of not abiding by the

laws."  *Id.* at 62.  The court concluded that an upward variance was appropriate

because "of the nature and characteristics [Kennedy] exhibit[ed], the circumstances

of the offense, the need for [the] sentence to reflect the seriousness of the offense,

and [the need] to promote respect for the law, which at [that] point [the court did]

not see that [Kennedy had]."  *Id.* at 62-63.  The district court also stated its belief

---

[2] Under 18 U.S.C. § 3553(a), district courts must consider certain factors when sentencing a defendant.  These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, and protect the public; (3) the kinds of sentences available; (4) the applicable guidelines range; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

4

that an upward variance was necessary to "adequately deter [Kennedy] from future criminal conduct and to protect the public from future crimes committed by [him]." *Id.* at 63. The court sentenced Kennedy to 60 months' imprisonment. Kennedy objected to the court's denial of his motion for disclosure of the probation officer's confidential sentencing recommendation and to his sentence. This is his appeal.

## II.  DISCUSSION

### A.    Motion to Disclose Confidential Sentencing Recommendation

Kennedy argues that the district court should have provided him with the probation officer's confidential sentencing recommendation, and he infers from the district court's denial of his request that he was sentenced based on secret information. He contends that the court's failure to disclose the recommendation violated his due process rights and rendered his counsel ineffective at sentencing.

We review constitutional sentencing issues *de novo*. *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014). PSIs are prepared by probation officers to aid the court in sentencing the defendant. They contain a defendant's personal information, criminal history, the circumstances of his or her offense, and recommendations as to sentence. *See* Fed. R. Crim. P. 32(d). Although the defendant must be provided with a copy of the PSI prior to sentencing, "[b]y local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." *Id.*

5

32(e)(2)-(3).  The Middle District of Florida, where Kennedy was sentenced, has such a local rule, which "directs the probation officer not to disclose the probation officer's recommendation, if any, on the sentence."  M. D. Fla. R. 4.12(f).  Notably, however, while a PSI may exclude a limited amount of information, Fed. R. Crim. P. 32(d)(3), the district court must provide to the defendant a reasonable opportunity to comment on any excluded information that it will rely on in sentencing.  *Id*. (32)(i)(1)(B).

We find no error in the district court's denial of Kennedy's request for the probation officer's confidential sentencing recommendation.  The Middle District of Florida's local rule clearly provides that the confidential recommendation should not be disclosed.  To the extent Kennedy argues that he was sentenced based on facts not discussed in either his PSI or at his sentencing hearing, he identifies none, and we see no basis for such a conclusion other than mere speculation.  The district court described all of the sources of information it considered when sentencing Kennedy.  Those sources included "the presentence report, the memorandums that counsel has filed, the testimony of the witnesses, any evidence that's been presented to the Court, and the arguments of counsel."  Sentencing Hr'g Tr. at 59 (Doc. 60).  Moreover, the explanation the court provided for the sentence imposed was based entirely on facts contained in the PSI and discussed at the sentencing hearing.

6

Although Federal Rule of Criminal Procedure 32(e) gives the district court discretion to order disclosure of the sentencing recommendation made confidential by the court's local rule, the court had no obligation to do so. *See* Fed. R. Crim. P. 32(e)(3). The record reveals no reason to suspect that the confidential recommendation contained any facts beyond those in the PSI. Indeed, Kennedy fails even to suggest any such facts. We conclude the district court committed no error in denying his request for disclosure of the probation officer's confidential sentencing recommendation, and we find no denial of due process or ineffective assistance of counsel arising out of this issue.

**B.     Reasonableness of Kennedy's Sentence**

We generally review sentencing decisions for an abuse of discretion.[3] *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). This standard reflects the due deference we give to district courts because they have an "institutional advantage in making sentencing determinations." *Id.* at 735 (internal quotation marks omitted). Thus, "[w]e may vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment." *Id.* (internal quotation marks omitted).

---

[3] There is an exception to this general principle, where, as here, a defendant contends that the district court failed to adequately explain the basis of the sentence imposed. In such circumstances, we conduct a *de novo* review of the sufficiency of the district court's explanation, even if the defendant did not object before the district judge. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

7

Pursuant to 18 U.S.C. § 3553(a), the district court must impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2), including imposing a sentence that reflects the seriousness of the offense, promoting respect for the law, deterring criminal conduct, and protecting the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

Reviewing the reasonableness of a sentence is a two-step process.  "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable in the light of the record and the relevant factors.  *Id.*  Kennedy contends that his sentence is both procedurally and substantively unreasonable.  We address these arguments in turn.

8

### 1. *Procedural Reasonableness*

"A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). Kennedy contends that his sentence is procedurally unreasonable in three primary respects: (1) the district court failed to adequately explain the basis of the sentence, (2) the court failed to adequately consider his arguments in favor of a mitigated sentence, and (3) the court imposed an upward variance based primarily on Kennedy's criminal history even though it had previously determined that the guidelines range adequately accounted for that history. We find these arguments unpersuasive.

Kennedy is correct that a district court must explain its reasons for imposing a particular sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007); 18 U.S.C. § 3553(c). This explanation, however, need not be exhaustive. It "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). An acknowledgement by the court that it has considered the defendant's arguments and the factors listed in § 3553(a) usually will satisfy this

requirement.  *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).  "The

district court need not state on the record that it has explicitly considered each

factor and need not discuss each factor."  *Id.*  If, however, a district court "decides

that an outside-Guidelines sentence is warranted, [it] must consider the extent of

the deviation and ensure that the justification is sufficiently compelling to support

the degree of the variance."  *Gall*, 552 U.S. at 50.

The district court's explanation of its sentencing decision was adequate.  The

court stated that it had considered Kennedy's arguments in favor of a reduced

sentence, which Kennedy raised both in his sentencing memorandum and at his

sentencing hearing.  The court also heard the statements of the witnesses Kennedy

called to testify in his favor.  The court not only declared that it had considered the

§ 3553(a) factors, it stated for the record what those factors were.  The court

explained that it was imposing an upward variance because Kennedy had a

demonstrated "history of over 20 years of committing criminal offenses" and that

his conduct "show[ed] a history of . . . not abiding by the laws."  Sentencing Hr'g

Tr. at 62 (Doc. 60).  The court further explained that an upward variance was

appropriate "because of the nature and characteristics [Kennedy] exhibit[ed], the

circumstances of the offense, the need for [the] sentence to reflect the seriousness

of the offense, [the need] to promote respect for the law"—which the court

observed, based on his conduct, that Kennedy lacked—as well as the need "to

10

adequately deter [him] from future criminal conduct and to protect the public from future crimes committed by [him]." *Id.* at 62-63. This discussion sufficiently demonstrates that the district court took the pertinent factors into account when sentencing Kennedy and further explained why an upward variance was appropriate.

We reject, for the same reasons, Kennedy's contention that the district court failed to address his arguments in favor of a mitigated sentence. The court stated that it had considered Kennedy's arguments for a reduced sentence and the testimony of his witnesses. The fact that the court was not swayed by Kennedy's presentation is not evidence of the court's failure to consider it.

Finally, Kennedy points to the district court's decision not to apply an upward departure as demonstrating that his criminal history could not support an upward variance. In essence, Kennedy argues that the district court's refusal to apply an upward departure to his criminal history category served as an implicit acknowledgement that his criminal history category of VI, and the resulting guidelines range, thoroughly accounted for his criminal history. Given that the guidelines range properly reflected his history, Kennedy reasons, the court could not then justify an upward variance by contending that the range underrepresented his criminal history.

The district court's decision not to apply an upward departure, however, in no way precluded it from applying an upward variance, even if the reasons supporting the variance mirrored those supporting a departure. A district court may rely on factors in imposing a variance that it already considered in calculating the guidelines range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). And there is no requirement that a district court impose a departure before imposing a variance. *Id.* Thus, the mere fact that the court declined to impose a departure does not necessarily make a variance inappropriate.

Kennedy construes the district court's election not to impose an upward departure as implying that the court did not believe his criminal history warranted a sentence higher than the guidelines range. But nothing in the record supports that conclusion. Indeed, the record demonstrates that the court thought a harsher sentence was appropriate and that it merely elected to use a variance, instead of a departure, as the mechanism to impose a longer sentence. In declining to apply an upward departure, the court observed that "the probation officer . . . correctly scored [Kennedy's] prior criminal history . . . based upon how it should be scored." Sentencing Hr'g Tr. at 60-61 (Doc. 60). This statement demonstrates only that the court thought that the probation officer had correctly *calculated* Kennedy's criminal history category, not that the category or the resulting guidelines range accurately accounted for Kennedy's extensive prior involvement in criminal

12

activity.   If anything, the court's observation that Kennedy had several convictions that contributed "zero points" to the calculation of his criminal history category supports the opposite conclusion.  *Id.* at 59.  We refuse to construe the district court's decision not to impose a departure as foreclosing it from imposing a variance.  Kennedy has failed to demonstrate that his sentence is procedurally unreasonable.

### 2. *Substantive Reasonableness*

Having determined that the district court's sentencing decision was procedurally sound, we next consider the substantive reasonableness of Kennedy's sentence.  A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).  "[I]t is only the rare sentence that will be substantively unreasonable."  *Rosales-Bruno*, 789 F.3d at 1256 (internal quotation marks

13

omitted).  That a sentence is well below the statutory maximum is an indicator of its reasonableness.  *See Gonzalez*, 550 F.3d at 1324.

Kennedy takes issue with the district court's application of an upward variance, arguing that his sentence caused unwarranted sentencing disparities.[4] Kennedy contends that upward variances are extraordinarily rare, and that nothing in the record indicates that his conduct was so out-of-the-ordinary as to justify such a harsh sentence.  But Kennedy bears the burden of demonstrating that his sentence is unreasonable, *Tome*, 611 F.3d at 1378, and he has failed to do so.

District courts must strive to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a)(6).  But in order to prove the existence of an unwarranted sentencing disparity, a defendant must demonstrate that his or her sentence is different from those of similarly-situated defendants.  *See United States v. Docampo*, 573 F.3d 1091, 1101-02 (11th Cir. 2009).  Kennedy fails to identify even a single similarly-situated defendant who received a sentence different than he did.  He cites only to general statistics indicating that courts impose variances in a minority of cases.  But these generic statistics are insufficient to establish that Kennedy's sentence is unreasonable.  *See United States v. Campbell,* 491 F.3d

---

[4] Kennedy also argues that his sentence is substantively unreasonable for many of the same reasons he argues that his sentence is procedurally unreasonable.  For example, Kennedy contends the district court imposed a substantively unreasonable sentence when it applied an upward variance despite having declined to impose an upward departure.  He also argues that his sentence is substantively unreasonable because the court failed to consider his arguments in favor of a mitigated sentence.  We addressed these arguments in the preceding section and reject them for the reasons previously discussed.

14

1306, 1317 (11th Cir. 2007) ("[T]he statistics [the defendant] cites are bare numbers without context and, therefore, do not persuade us that his sentences are unreasonable."). Absent any evidence of unwarranted sentencing disparities, we have no difficulty concluding that Kennedy's sentence is not substantively unreasonable.

Nor can we identify any other reason to suspect that the district court committed a clear error of judgment in sentencing Kennedy, even if his sentence was above the guidelines range. The district court acted within its discretion in concluding that Kennedy had demonstrated a consistent inability to conform his conduct to the dictates of the law and that, as a result, a harsher sentence was appropriate. Kennedy has been convicted of a copious number of crimes, many of which are felonies and many of which involve the same drug-related conduct that got him into trouble here. He has also violated probation on numerous occasions. And while we recognize that Kennedy's guidelines range may take much of that conduct into account, as the district court observed, many of Kennedy's convictions did not factor into the calculation of his criminal history category. We note also that Kennedy's sentence of 60 months' imprisonment is well below the statutory maximum of 20 years, which is a "consideration favoring its reasonableness." *Rosales-Bruno*, 789 F.3d at 1257.

In the light of these facts, we cannot conclude that the district court abused its discretion in deciding that a significant upward variance from the guidelines range was warranted. "[T]he sentence was within the outer bounds of the district court's substantial sentencing discretion—in the ballpark of permissible outcomes." *Id.* (internal quotation marks omitted).

### III. CONCLUSION

We conclude that Kennedy has failed to demonstrate that the district court erred in denying his motion to disclose the probation officer's confidential sentencing recommendation. We similarly conclude that Kennedy has failed to show that his sentence is procedurally or substantively unreasonable. We therefore affirm the sentence the district court imposed.

**AFFIRMED.**