[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14734
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-10012-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL BROCHE ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2018)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Miguel Ortiz appeals his 78-month sentence after pleading guilty to one count of inducing aliens to enter the United States and one count of illegal reentry by a deported alien.  On appeal, Defendant argues that the district court committed procedural error by applying a six-level enhancement under U.S.S.G. § 2L1.1(b)(2)(B) for the number of aliens smuggled into the United States.  He also argues that the court violated his Sixth Amendment rights by sentencing him under 8 U.S.C. § 1326(b)(2) based on prior convictions that were not charged in the indictment.  The Government asserts that we should dismiss Defendant's appeal because his arguments are barred by his sentence appeal waiver.  Because we agree, we dismiss Defendant's appeal.

I.    **BACKGROUND**

In 2017, Defendant was charged in a multiple-count indictment with (1) conspiring to induce aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv)(I) (Count 1), (2) inducing aliens to enter the United States, 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II) (Counts 2-32), (3) illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (Count 33); and (4) failure to obey an order of a federal law enforcement officer, 18 U.S.C. § 2237(a)(1) (Count 34).

Defendant subsequently pled guilty pursuant to a written plea agreement to Count 6, which charged him with inducing an alien to enter the United States, in

violation of § 1324(a)(1)(A)(iv), and Count 33, which charged him with illegal reentry by a deported alien.  In exchange, the Government agreed to dismiss the remaining counts against Defendant.  The plea agreement also stated that:

> The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Section 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

Defendant and his attorney signed the plea agreement.

At the plea colloquy, Defendant confirmed that he had the opportunity to discuss the plea agreement with his attorney.  Defendant acknowledged that the plea agreement represented the entirety of his agreement with the Government. The district court informed Defendant that in some cases he and the Government would have the right to appeal any sentence imposed.  The court then asked Defendant if he understood that "by entering into this plea agreement and entering

3

a plea of guilty, you will have waived or given up your right to appeal all or part of this sentence." Defendant confirmed that he understood. Defendant pled guilty and the district court accepted his plea.

The Presentence Investigation Report (PSR) assigned Defendant a base offense level of 12, pursuant to U.S.S.G. § 2L1.1(a)(3). Defendant received a 6-level enhancement under § 2L1.1(b)(2)(B) because he was involved in the smuggling of 31 unlawful aliens into the United States. Defendant also received three other enhancements not relevant to this appeal, resulting in an adjusted offense level of 30. With a 3-level reduction for acceptance of responsibility, Defendant's total offense level was 27. Based on a total offense level of 27 and a criminal history category of III, Defendant's guideline range was 78 to 97 months' imprisonment. Defendant objected to the six-level enhancement under § 2L1.1(b)(2)(B).

At the sentencing hearing, Defendant argued that the six-level enhancement for the number of aliens smuggled should not apply to him because he was smuggled himself. The district court overruled the objection. The Government recommended a sentence of 78 months' imprisonment. Although Defendant alleged that he was a passenger on the boat, the Government asserted that he took over driving the boat and was responsible for leading law enforcement officers on a chase that ultimately resulted in officers having to fire disabling shots. After

considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 78 months' imprisonment.

## II.    DISCUSSION

Defendant now appeals, arguing that the district court erred by applying a six-level enhancement under § 2L1.1(b)(2)(B).  Defendant also asserts that his sentence under 8 U.S.C. § 1326(b)(2) violated his Sixth Amendment rights because the prior convictions used to impose a higher sentence under § 1326(b)(2)—rather than the one provided for under § 1326(a)—were not charged in the indictment. The Government responds that the arguments raised by Defendant on appeal are barred by his valid sentence appeal waiver.[1]

We review the validity of a sentence appeal waiver *de novo*.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  The enforceability of an appeal waiver depends on whether it was entered into knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To demonstrate that an appeal waiver is knowing and voluntary, the Government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id.* at 1351–52.

---

[1]  Defendant did not file a reply brief in response to the Government's argument that his appeal be dismissed.

Here, Defendant waived his right to appeal his sentence by entering into a knowing and voluntary appeal waiver.  At the plea colloquy, the district court explained that Defendant was giving up his right to appeal his sentence and Defendant confirmed that he understood.  Although the district court did not specifically explain the exceptions to the sentence appeal waiver, the district court made clear that Defendant would ordinarily be able to appeal his sentence but was giving up that right by pleading guilty.  If anything, the court's failure to mention the appeal waiver's exceptions meant that Defendant potentially understood the waiver to be more restrictive than it actually was.  Given that he was willing to plead guilty with a more restrictive waiver, one can only infer that he would not have hesitated to plead guilty if the court had explained that the waiver was actually less restrictive.

But more importantly, it is clear from the record as a whole that Defendant understood the full significance of the waiver.  The exceptions to the appeal waiver were outlined in the plea agreement, which was signed by Defendant and his attorney.  Moreover, Defendant acknowledged at the plea hearing that he had read and discussed the plea agreement with his attorney.  We therefore conclude that the appeal waiver is enforceable because it was knowing and voluntary.

Having concluded that the appeal waiver is valid, we must next determine whether any exception to the appeal waiver is applicable.  The appeal waiver

6

provided that Defendant could appeal his sentence only if (1) the sentence exceeded the maximum permitted by statute; (2) the sentence was the result of an upward departure and/or an upward variance from the advisory guideline range; or (3) if the Government appealed Defendant's sentence.  None of those exceptions apply here.

For starters, Defendant's 78-month sentence was not an upward departure or variance from the advisory guideline range of 78 to 97 months' imprisonment. Nor did the sentence exceed the statutory maximum of 20 years' imprisonment under § 1326(b)(2).  And finally, the Government did not appeal Defendant's sentence.[2]

For the foregoing reasons, Defendant's appeal is **DISMISSED**.

---

[2] Defendant argues that it was unconstitutional to raise the statutory maximum sentence that he was subject to under § 1326(a) to the statutory maximum sentence under § 1326(b)(2) based on prior convictions that were not charged in the indictment.  To the extent this argument fits within the exception authorizing Defendant to appeal if he received a sentence above the statutory maximum permitted by statute, his argument is without merit because it is foreclosed by binding precedent.  In *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998), the Supreme Court held that a defendant's prior convictions do not need to be alleged in the indictment to sentence a defendant under § 1326(b)(2).  We have held that we must follow *Almendarez-Torres* until it is overruled by the Supreme Court.  *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014) ("[W]e are 'bound to follow *Almendarez-Torres* unless and until the Supreme Court overrules that decision.'" (quoting *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001)).