[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12558

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RYAN PERRIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00480-SDM-TGW-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Ryan Perrin appeals his 180-month sentence after pleading guilty to being a felon in possession of a firearm. He argues that this sentence—enhanced under 18 U.S.C. section 924(e) because he was deemed an armed career criminal—violated both the statute and the Constitution. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2017, a confidential informant for the Bureau of Alcohol, Tobacco, Firearms, and Explosives made agents aware that Perrin was trafficking firearms from his south Florida home. The agents set up a controlled purchase from Perrin, who sold the confidential informant a .380-caliber pistol and a .22-caliber rifle. Two weeks later, Perrin sold the confidential informant five more firearms and around ninety rounds of ammunition in a second controlled purchase.

At the time of the firearms sales, Perrin had several previous state convictions, including one for selling or delivering cocaine in 2006 and two for aggravated assault in 2013. The grand jury returned an indictment against Perrin, and the government later charged him by a superseding information with two counts of possessing a firearm while a convicted felon, in violation of 18 U.S.C. section 922(g)(1).

Perrin pleaded guilty to both counts of the superseding information, and the district court accepted his guilty plea. His presentencing investigation report found him subject to an enhanced sentence under the Armed Career Criminal Act because his state convictions were "violent felon[ies] or . . . serious drug offense[s] . . . committed on different occasions from one another." *See* 18 U.S.C. § 924(e). Perrin objected to the presentencing investigation report on the ground that the government could not use arrest reports and probable-cause affidavits to show his prior state convictions had occurred on "different occasions" and thus subjected him to the section 924(e) enhancement. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that police reports may not be used to prove eligibility for an Armed Career Criminal Act sentencing enhancement).

At sentencing, the district court overruled Perrin's objection. It explained that it didn't need to rely on the probable cause affidavits because it was clear from *Shepard*-admissible documents that Perrin's previous offenses occurred on separate occasions. Having found that Perrin's prior convictions qualified him for an enhanced sentence under section 924(e), the district court sentenced Perrin to 180 months' imprisonment, the statutory minimum sentence. Perrin timely appealed.

## STANDARD OF REVIEW

We ordinarily review de novo whether a defendant qualifies for an enhanced sentence under the Armed Career Criminal Act. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). We

also review de novo a properly preserved constitutional challenge to a defendant's sentence. *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014). But "where a defendant fails to raise . . . an objection before the district court at sentencing, we review only for plain error." *Id.* (citing *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005)).

## DISCUSSION

On appeal, Perrin raises both statutory and constitutional objections to his sentence. First, he contends that under the Armed Career Criminal Act's categorical approach, his Florida convictions for aggravated assault and selling or delivering cocaine aren't predicate offenses under section 924(e). Second, he argues that the district court improperly relied on state court records to determine that his offenses occurred on separate occasions. Third, he asserts that his sentence violates the Fifth and Sixth Amendments because the superseding information did not allege the elements of section 924(e). We address each argument in turn.

*A.*

When Perrin pleaded guilty to the charges in the superseding information, his criminal history included one conviction for selling or delivering cocaine under Florida Statutes section 893.13(1)(a)1., and two convictions for aggravated assault under Florida Statutes section 784.021(1)(a). Because Perrin didn't object to using these offenses as the basis for his enhanced sentence before the district court, we review only for plain error. *See Harris*, 741 F.3d at 1248. To show an alleged error was "plain," Perrin must

demonstrate that the district court's application of 18 U.S.C. section 924(e) was "plainly wrong" under current law. *Henderson v. United States*, 568 U.S. 266, 279 (2013) (emphasis removed). Here, he cannot.

A defendant convicted under section 18 U.S.C. section 922(g) will receive a fifteen-year mandatory minimum sentence if he has three prior convictions for "violent felon[ies] or . . . serious drug offense[s] . . . committed on different occasions from one another." 18 U.S.C. § 924(e). As Perrin acknowledges, we have previously held that Florida's cocaine distribution statute is a "serious drug offense." *See, e.g.*, *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014). That makes one qualifying offense. And, in light of the Florida Supreme Court's recent answer to a certified question of state law, we recently reaffirmed our holding that Florida's aggravated assault statute is a "violent felony." *See Somers v. United States*, 66 F.4th 890, 892 (11th Cir. 2023). That makes qualifying offense numbers two and three.

In supplemental briefing, Perrin argues that *Somers* shouldn't apply because, when he was convicted, Florida appellate courts disagreed about the mens rea required under the aggravated assault statute. But *Somers* rejected this argument. Because the Florida Supreme Court's interpretation of a statute "tells us what that statute always meant," a defendant "cannot rely on earlier decisions of Florida's intermediate courts of appeal to avoid" a later holding. *Id.* at 696 (quotation omitted).

*B.*

Perrin next contends that, even if his prior convictions were violent felonies or serious drug offenses, the district court conducted impermissible judicial factfinding to conclude they occurred on "different occasions," as is necessary for section 924(e) to apply. Perrin *did* raise this argument at sentencing, so we review the district court's conclusion de novo. *Howard*, 742 F.3d at 1341.

The Sixth Amendment guarantees the right to a jury trial for facts—other than a prior conviction—that could increase a defendant's sentence. *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999). And even as to prior convictions, the district court may not use arrest reports or probable-cause affidavits from prior state convictions to make factual findings about a defendant's conduct underlying those convictions. *Shepard*, 544 U.S. at 16. Instead, the district court is limited to using documents that reflect either (1) a jury determination of or (2) a defendant's admission to prior criminal conduct: "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26. The district court may also use *Shepard* documents to determine whether a defendant's prior offenses were committed on different occasions for purposes of applying section 924(e). *See United States v. Sneed*, 600 F.3d 1326, 1332–33 (11th Cir. 2010).

In reviewing the *Shepard* documents in this record, we agree the district court did not err in finding that Perrin's convictions

occurred on different occasions.  Here is what the *Shepard* documents show:  Perrin sold or delivered cocaine in 2006.  He committed aggravated assault on May 21, 2013, by threatening to fire a pellet gun at his victim.  And he committed another aggravated assault three days later by threatening to use a knife against a different victim.  Under *Wooden v. United States*, it is clear that these offenses all occurred on different occasions.  *See* 595 U.S. 360, 369 (2022) ("Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events.").  No illicit factfinding was necessary for the district court to conclude that section 924(e) applied to Perrin here.

Perrin responds that two more recent Supreme Court cases prohibit district courts from using anything but the elements of a charged offense or direct admissions by a defendant to determine any fact about the offense—including the date on which it was committed.  *Cf. Descamps v. United States*, 570 U.S. 254, 261 (2013) (prohibiting judicial inquiry into specific offense conduct to determine whether a defendant's actions fell within the generic definition of an offense under the Armed Career Criminal Act); *cf. also Mathis v. United States*, 579 U.S. 500, 511–12 (2016) (holding that, in determining a sentence under the Armed Career Criminal Act, a district court "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of").  But, post-*Descamps* and *Mathis*, we have reaffirmed our holding that "[a]s long as a court limits itself to *Shepard*-approved sources, [it] may determine both the existence of

prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, based on its own factual findings." *United States v. Dudley*, 5 F.4th 1249, 1259–60 (11th Cir. 2021) (quotations omitted); *see also United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (explaining that "district courts may determine both the existence of prior convictions and the factual nature of those convictions*, including whether they were committed on different occasions*, so long as they limit themselves to *Shepard*-approved documents" (quotation omitted)).

As we explained in *Dudley*, Perrin's "reliance on *Descamps* and *Mathis* is misplaced. . . . Both *Descamps* and *Mathis* concerned when a district court may apply the modified categorical approach to ascertain whether a conviction qualifies as an ACCA violent felony predicate—an inquiry not at issue here. Neither case addressed the second inquiry required by the ACCA—whether the qualifying violent offenses were committed on different occasions from one another. Therefore, *Descamps* and *Mathis* have no bearing on this case." *Dudley*, 5 F.4th at 1264–65 (citations omitted).

## C.

Finally, Perrin argues that his enhanced sentence under section 924(e) is unconstitutional under the Fifth and Sixth Amendments because its elements—his three qualifying convictions that stemmed from different occasions—were not alleged in the superseding information. As with Perrin's first argument, we review for

20-12558                 Opinion of the Court                          9

plain error because he raises it for the first time on appeal.  *See Harris*, 741 F.3d at 1248.

The district court did not err because we have held that the Constitution does not require either prior convictions or their occurrence on different occasions to be alleged in an indictment or proven beyond a reasonable doubt.  *See United States v. Overstreet*, 713 F.3d 627, 631–32 (11th Cir. 2013) (rejecting the exact argument Perrin makes here).  Perrin never cites or discusses *Overstreet*, but it remains the law all the same.  The district court thus didn't err—plainly or otherwise—in sentencing Perrin as an armed career criminal, even though the language in the superseding indictment didn't track the elements of section 924(e).

**AFFIRMED.**